UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEMERIS TOLBERT,

                                    Plaintiff,                  9:21-CV-0512
                                                                           (MAD/ML)

    v.

JOHN DOE, Psychiatrist, et al.,

                                    Defendant(s).
_____

APPEARANCES:

DEMERIS TOLBERT
01-A-2883
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Pro se plaintiff Demeris Tolbert ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Western District of New York ("Western District") in December 2019, together with an application to proceed in forma pauperis ("IFP"), and motions for preliminary injunctive relief. Dkt. No. 13 ("Compl.")[1]; Dkt. No. 2 ("IFP" Application); Dkt. Nos. 14, 18, 20, 22 ("Motions").

---

[1] In a Decision and Order filed on March 4, 2020 (the "March Order"), the Western District granted Plaintiff's requests for redaction. Dkt. No. 9. The Court ordered that the Complaint (Dkt. No. 1) be filed under seal and a redacted version filed publicly (Dkt. No. 13). Additionally, the March Order was filed under seal (Dkt. No. 9) and a redacted version was filed publicly (Dkt. No. 12).

In the Complaint, Plaintiff asserted claims for the violation of his constitutional rights arising out of his confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Attica Correctional Facility ("Attica C.F.") and Southport Correctional Facility ("Southport C.F."). *See generally* Compl. At the time he filed the Complaint, Plaintiff was incarcerated at Southport C.F. *Id*. at 1.

By Decision and Order filed in July 2020 (the "July Order"), the Court granted Plaintiff's IFP application and, upon review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, dismissed a number of claims, with prejudice. Dkt. No. 23. The Court also dismissed several claims, with leave to amend, and denied Plaintiff's motions for preliminary injunctive relief. *Id*.

In October 2020, Plaintiff filed an Amended Complaint. Dkt. No. 34 ("Am. Compl.")[2]. In the amended pleading, Plaintiff alleged that Defendants violated his constitutional rights during his incarceration at Attica C.F., Southport C.F., Five Points Correctional Facility ("Five Points C.F."), and Upstate Correctional Facility ("Upstate C.F."). *See generally* Am. Compl. By Decision and Order filed on April 29, 2021 (the "April Order"), Western District Judge John L. Sinatra, Jr. transferred Plaintiff's claims regarding events that occurred at Upstate C.F. to the Northern District of New York.[3] Dkt. No. 33.

This action was transferred to this District on May 4, 2021. Dkt. No. 37. Presently

---

[2] Plaintiff's request to redact portions of his Amended Complaint was granted, in part. Dkt. No. 33 at 26. The Amended Complaint (Dkt. No. 30), was filed under seal and the redacted version (Dkt. No. 34) was filed publicly. The Court directed Plaintiff to submit "future filings," in compliance "with the redaction requirements of Federal Rule of Civil Procedure 5.2(a)." *Id.*

[3] Judge Sinatra ordered defendants to respond to failure-to-protect claims, deliberate medical indifference claims, and condition-of-confinement claims. *See generally* Dkt. No. 33. The action is presently pending in the Western District.

before the Court for review is the portion of Plaintiff's Amended Complaint relating to claims that arose in the Northern District.

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.  Governing Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[4]

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is

---

[4]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

### B. Summary of the Amended Complaint[5]

The following facts are set forth as alleged by Plaintiff in his Amended Complaint.[6]

From 2015 until 2018, Plaintiff was confined at Upstate C.F. Am. Compl. at ¶ 86. During that time, Plaintiff felt "depressed, paranoid, and extremely violent." *Id*. Plaintiff was interviewed, at length, by Jane Doe, a mental health counselor, who referred him to defendant psychiatrist, John Doe #1.[7] *Id*. at ¶¶ 87-90.

In January 2018, Plaintiff spoke to John Doe #1 for "about 1 hour" and "pleaded with him for help." Am. Compl. at ¶ 91. John Doe #1 informed Plaintiff that "violence isn't a

---

[5] The Amended Complaint includes exhibits. *See* Am. Compl. at 153-164. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[6] The Court will not review the facts relating to claims that arose at Attica C.F., Southport C.F., or Five Points C.F. for sufficiency pursuant to Section 1915(e).

[7] Jane Doe is not named as a defendant herein.

mental health issue and ended the session." *Id.* at ¶ 92. Plaintiff saw Jane Doe the next day and claims that she was "surprised" that John Doe #1 had not prescribed medication, mental health programming, or schedule a further interview. *Id*. at ¶ 93.

On January 11, 2018, Plaintiff was in an outside hospital recovering from stomach surgery. Am. Compl. at ¶¶ 95-97. While Plaintiff was in a recovery room, he was restrained with leg irons, but his hands were "free." *Id*. at ¶ 97. Plaintiff claims he had a "violent episode" and attempted to grab defendant Officer Crossman's ("Crossman") gun. *Id*. at ¶ 98. Defendants Officer Simmons ("Simmons") and Crossman "quickly restrained" him and he did not resist. *Id*. at ¶ 99. However, Crossman and Simmons continued to repeatedly "punch[] and knee[] Plaintiff's body parts for approx[imately] 2 minutes" while Plaintiff "scream[ed]" for help *Id*. at ¶¶ 99-101. When three nurses arrived, an unidentified officer yelled at them to "get out of here" and Defendants continued the assault. *Id*. at ¶¶ 102-106.

When Plaintiff returned to the Upstate C.F. infirmary, he complained of difficulty breathing and extreme pain in his rib cage. Am. Compl. at ¶ 109. A nurse provided 600 mg of Motrin. *Id*. On January 19, 2018, Plaintiff was transferred to Attica C.F. *Id*. at ¶ 113.

Construed liberally,[8] the Complaint contains the following: (1) Eighth Amendment deliberate medical indifference claim against John Doe #1; and (2) Eighth Amendment

---

[8] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings.").

excessive force claims against Crossman and Simmons.[9]  *See generally* Am. Compl.  For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the Amended Complaint.[10]

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990));  *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. ANALYSIS

### A. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

---

[9] Plaintiff states, in conclusory fashion, that John Doe #1 violated Plaintiff's rights under the Americans with Disabilities Act ("ADA").  *See* Am. Compl. at 34.  The Amended Complaint however, is completely devoid of facts supporting an ADA claim.

[10] The Amended Complaint does not contain any clear requests for relief.

Foreign State."); *see also Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the type of claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *see also Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).  Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

     Plaintiff's claims for money damages pursuant to Section 1983 against defendants in their official capacities (*see* Am. Compl. at 6) are barred by the Eleventh Amendment and are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under

Section 1983] for money damages against state officials in their official capacities.").

### B. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

#### 1. Deliberate Medical Indifference

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component of an Eighth Amendment deliberate indifference medical claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted). Under the subjective element, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.' " *Chance v. Armstrong*, 143 F. 3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). "Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). To assert a claim for deliberate indifference, an inmate must allege that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate

had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702.  The inmate must also demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U .S. at 835.  An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference."  *Estelle*, 429 U.S. at 105-06.

Here, even assuming that Plaintiff suffered from a serious medical need sufficient to satisfy the objective element of an Eighth Amendment claim, the Complaint lacks facts suggesting that John Doe #1 was deliberately indifferent to Plaintiff's medical needs.  Plaintiff claims that John Doe #1 "asked plaintiff about his past and present mental health status while he was reviewing the records."  *See* Am. Compl. at ¶ 91.  Essentially, the allegations against John Doe amount to a disagreement with the course of treatment and not a violation of Plaintiff's constitutional rights.  *See Wright v. Conway*, No. 05-CV-6723, 584 F.Supp.2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."); *see Sonds v. St. Barnabas Hosp. Corr. Health Servs*., 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements [between a prisoner and prison officials] over medications ... are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citation omitted).  Indeed, the facts set forth in the Amended Complaint demonstrate that Plaintiff's mental health needs were not ignored.  Plaintiff admits that he was treated by Jane Doe on "6-8 separate occasions", that he spoke with her "at length" about his mental health care, and that he saw Jane Doe "a few days"

after his interview with John Doe #1.  See Am. Compl. at ¶ 88.

Even if John Doe #1's decisions surrounding Plaintiff's treatment implicate medical malpractice or negligence, the issues do not give rise to an Eighth Amendment violation. See Hendricks v. Coughlin, 942 F.2d 109, 113 (2d Cir. 1991) (holding that proof of negligence will not give rise to a constitutional violation); see McNamee v. Schoharie County Jail, 06-CV-1364 (LED/GHL), 2008 WL 686796, at *6-7 (N.D.N.Y. March 10, 2008). Plaintiff's conclusory deliberate indifference claims are not supported by facts suggesting that John Doe #1 acted maliciously in delaying or denying Plaintiff access to medical care. Accordingly, Plaintiff's deliberate medical indifference claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Excessive Force

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." Blyden v. Mancusi, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). In this regard, while "a de minimis use of force will rarely suffice to state a constitutional claim," Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." Blyden, 186 F.3d at 263 (citing Hudson, 503 U.S. at 9).  The key inquiry into a

claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "To determine whether a defendant acted maliciously, several factors should be examined including, 'the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.' " *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano*, 998 F.2d at 105).

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's Eighth Amendment claims against Crossman and Simmons survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

IV. **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Plaintiff's claims for monetary damages against Defendants, in their official capacity, are

**DISMISSED with prejudice**; and it is further

ORDERED that the Eighth Amendment deliberate medical indifference claim is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

ORDERED that the Eighth Amendment excessive force claims against Crossman and Simmons survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response; and it is further

ORDERED that John Doe Psychiatrist is **DISMISSED** as a defendant herein; and it is further

ORDERED that upon receipt from Plaintiff of the documents required for service, the Clerk shall issue a summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

ORDERED that a response to the Amended Complaint be filed by the remaining defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

ORDERED that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is**

**also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

    **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 17, 2021
       Albany, New York

                                            Mae A. D'Agostino
                                            U.S. District Judge